UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-07863 PA (JCx) | Date | September 18, 2019 |
|---|---|---|---|
| Title | Kurt Lauk v. Vista Equity Partners, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Complaint filed by plaintiff Kurt Lauk ("Plaintiff") against defendant Vista Equity Partners, LLC ("Defendant"). (Docket No. 1.) The Complaint alleges that this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Id.)

Federal Rule of Civil Procedure 8(a) states "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1. Federal courts have subject matter jurisdiction over only those matters authorized by the Constitution and Congress. Bender v. Williamsport Area Sch. Dist., 574 U.S. 534, 541 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants, and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332. Section 1332 gives "federal district courts jurisdiction over cases between citizens of different States, and over cases between citizens of a State and citizens or subjects of a foreign state." Turan Petroleum, Inc. v. Lentin, 482 F. Supp. 2d 1170, 1171 (C.D. Cal. 2007) (internal quotations omitted).

According to the Complaint, Plaintiff "was and is a resident of Stuttgart, Germany." (Id. at ¶ 1.) But "a resident of a foreign country is not necessarily a citizen" of that country. Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). Plaintiff further alleges that this Court has diversity jurisdiction as it is between "citizens of different states and in which a citizen of a foreign state is a party." (Id. at ¶ 7.) However, as there are only two parties, it is unclear how this action can be between several citizens of different states, as well as a citizen of a foreign state. Thus, the Court remains unable to ascertain whether complete diversity exists and whether it possesses subject matter jurisdiction over this action.

Accordingly, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. Despite these deficiencies, a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist - even though the complaint inadequately alleges jurisdiction. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-07863 PA (JCx) | Date | September 18, 2019 |
|---|---|---|---|
| Title | Kurt Lauk v. Vista Equity Partners, LLC | | |

28 U.S.C. § 1653; <u>Trentacosta v. Frontier Pac. Aircraft Indus., Inc.</u>, 813 F.2d 1553, 1561 (9th Cir. 1987) ("Leave to amend a complaint should be freely given in the absence of a showing of bad faith or undue delay by the moving party or prejudice to the nonmoving party."). For these reasons, the Court grants Plaintiff leave to amend to attempt to establish federal subject matter jurisdiction. **Plaintiff's Amended Complaint, if any, shall be filed no later than October 2, 2019. The failure to timely respond will result in dismissal of this action without prejudice.**

      IT IS SO ORDERED.